court did not err in excluding such testimony by her.

[7] By another bill it is shown that, while appellant was introducing his testimony, one of his witnesses who lived in the city of Greenville, the county seat of Hunt county, where the trial was going on, had failed to appear. Whereupon one of his attorneys stated to the court that they disliked to ask for an attachment for the witness who lived near the courthouse, as they were informed she had a very sick child, which was the cause of her failure to obey the subpœna which had been served on her, and asked a postponement of the trial for a few minutes until an attachment could be executed and the witness brought into court. Counsel then stated what she would testify. The court thereupon stated that the testimony was not material and relevant. Appellant's attorney, as the bill shows, said the witness would testify that Henry Cross, who had been arrested on this charge, came to her house a day or two after he was released from jail, and asked her to go to see the prosecuting witness, and see if she could not get some testimony in his favor and stop the prosecution against him, and sent word to the prosecuting witness that if the prosecution was stopped he would marry her. The court says in the same bill that one of appellant's counsel and Mr. Keen, the brother-in-law of the defendant, stated to the court that the witness above mentioned would testify only on one point, to wit, that Henry Cross requested her to go up there and see the girl and see if she could get any testimony in the matter, and that she would not testify as to any statement as to marriage, on his part, and none of the other matters mentioned by appellant's other attorney; that no attachment had been applied for, and the witness' child was very ill was the reason given for her absence. This is the bill in substance. As it is, it shows no reversible error. If we could look to the record otherwise then the bill, it would show that both the prosecuting witness and the witness Cross testified that he had never had intercourse with the girl and never offered to marry her, and that he further testified denying that he made any such statements to said absent witness as one of appellant's attorneys claimed she would testify to. In other words, that there was no conflict between the testimony of Cross and the absent witness. The sole purpose for which the absent witness, it seems, could have been used was to dispute Cross, and, as there was no dispute between them, no error is shown in the action of the court.

[8] The only other question in the case is appellant claims by another bill that the jury had discussed appellant's failure to testify, when considering the case. There is no such ground of error set up in the motion for new trial, and it is not otherwise shown to have been raised in this record, except presented by a bill of exception only. It seems that the court heard the evidence of some of the jurors on this matter. One juror testified: "Some one asked or said they wondered why the defendant didn't testify in this case, and just as well as I can remember some one made the remark that that wasn't admissible, and maybe somebody else spoke up, 'Yes; we can't talk about that,' or something to that effect, and it passed away." Three other jurors testified they heard no such remark at any time, and that they did not hear any one of the jurors discuss or talk about, in any way, the defendant's failure to testify. This court has many times passed upon such questions as this, and has uniformly held that such a remark was no cause for reversal. Jenkins v. State, 49 Tex. Cr. R. 461, 93 S. W. 726, 122 Am. St. Rep. 812; Parrish v. State, 48 Tex. Cr. R. 347, 88 S. W. 231; Long v. State, 48 Tex. Cr. R. 175, 88 S. W. 203; Leslie v. State, 49 S. W. 73; Mason v. State, 81 S. W. 718; Combs v. State, 55 Tex. Cr. R. 332, 116 S. W. 595; Smith v. State, 52 Tex. Cr. R. 351, 106 S. W. 1161, 15 Ann. Cas. 357; Johnson v. State, 53 Tex. Cr. R. 339, 109 S. W. 936; Sample v. State, 52 Tex. Cr. R. 506, 108 S. W. 685, 124 Am. St. Rep. 1103.

No reversible error being pointed out, the judgment will be affirmed.

---

BANKS et al. v. McMAHAN.

(Court of Civil Appeals of Texas. El Paso. Dec. 11, 1913.)

APPEAL AND ERROR (§ 773*)—BRIEFS—FAILURE TO FILE—DISMISSAL.

Under Rev. Civ. St. 1911, art. 1614, and Texas court rules, rule 29 (142 S. W. xii), requiring that, when any suit is taken to the Court of Civil Appeals, the parties shall file their briefs, etc., failure of appellant to file briefs in compliance with the rule is ground for dismissal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

Appeal from Ward County Court; Burch Carson, Judge.

Action by Ida M. Banks and others against M. W. McMahan. Judgment for defendant, and plaintiffs appeal. Dismissed.

A. J. Wilson, of Pecos, for appellants. Ross & Hubbard, of Pecos, for appellee.

HARPER, C. J. Appellant filed her petition August 16, 1912, to enjoin a judgment rendered in the county court of Ward county, Tex., May 3, 1910. Appellee filed his exception to the said petition because it showed upon its face that the judgment had been rendered more than one year prior to the filing of the suit. The court below, in term time, sustained the exception on demurrer

and dismissed the petition, and from this order of dismissal the plaintiff appealed. Appellee filed his timely motion to dismiss the appeal because no briefs were filed.

Article 1614, Revised Civil Statutes of 1911, and rule 29 of rules for the courts of Texas (142 S. W. xii), require that, when any suit is taken up from any inferior court to the Court of Civil Appeals, the parties shall file their briefs. No answer is made to the motion, and no excuse offered for failure to comply with the rule. Longbotham v. Abercrombie, 52 Tex. Civ. App. 426, 114 S. W. 428; Nidy v. Cochran, 48 Tex. Civ. App. 259, 106 S. W. 462. The motion is therefore sustained, and the appeal dismissed.

McKENZIE, J., is disqualified in this case, and did not sit in it.