Tommie Bogan v. The State.

No. 3753.   Decided November 17, 1915.

**Robbery—Misconduct of Jury—Allusion to Defendant's Failure to Testify.**

Where, upon trial of robbery, the defendant, in his motion for new trial, contended that the jurors alluded to defendant's failure to testify, but the record showed that such reference was only incidental, and could not have influenced the jury, there was no reversible error, the evidence being sufficient to sustain the conviction. Following Cooper v. State, 72 Texas Crim. Rep., 267; 162 S. W. Rep., 368.

Appeal from the District Court of Wharton. Tried below before the Hon. Samuel J. Styles.

Appeal from a conviction of robbery; penalty, five years confinement in the penitentiary.

The opinion states the case.

*H. A. Cline,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of alluding to defendant's failure to testify: Johnson v. State, 53 Texas Crim. Rep., 339; Smith v. State, 52 id., 344; Crowder v. State, recently decided.

HARPER, Judge.—Appellant was convicted of robbery and his punishment assessed at five years confinement in the State penitentiary.

There are but three grounds in the motion for a new trial, the first two alleging, (1) because the verdict is contrary to the evidence; (2) because the judgment of the court is contrary to the law. These grounds only raise the issue of the sufficiency of the evidence to sustain the verdict. We have read it, and think it fully sustains a verdict of guilty. The third and only other ground alleges that the jury, while considering the case, discussed the failure of defendant to testify on the trial. Under this assignment appellant states the proposition: "If the jurors did discuss and argue the failure of defendant to testify, defendant was entitled to a new trial, although the jurors may have afterwards testified they were not influenced thereby." To this proposition of law we give our assent, but the evidence heard on the motion for a new trial does not sustain the proposition. It is true that the testimony of one of the jurors, W. L. Frazier, would have a tendency to sustain the proposition that the failure of defendant to testify was discussed, and that it did not influence him, but we can not say that the trial court should have accepted his testimony, when all the other jurors who testified say that the failure of defendant to testify was not discussed. They show that a ballot had been taken, and eleven of them (all except Mr. Frazier) voted guilty. That while considering the matter further some juryman remarked, "Why did they not put that man on the stand?" when Mr. Davis, Mr. Gordon and Mr. Ewart all said, "You can't bring that into the jury room—you can not discuss it

nor consider it. We were charged not to say anything about that, nor consider it." That no further mention was made of his failure to testify, or as one juror expresses it—"we quashed it right there." Such an incidental reference to the failure of the defendant to testify has always been held not to present reversible error, especially when all the jurors (except Frazier) testify that their attention was called to the fact the court had instructed them not to consider it, and it was not considered in arriving at their verdict. Even Mr. Frazizer testifies it had no influence on him. Cooper v. State, 72 Texas Crim. Rep., 267, 162 S. W. Rep., 366, and cases cited.

The judgment is affirmed.

*Affirmed.*