

NUMBER 13-13-00419-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                                 Appellant,

v.

SHARON HINOJOSA,                                                                  Appellee.

## On appeal from the County Court at Law Number 4
## of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides and Perkes
### Memorandum Opinion by Justice Garza

A Nueces County jury found appellee Sharon Hinojosa guilty of hindering apprehension or prosecution, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 38.04(a) (West, Westlaw through 2013 3d C.S.). Hinojosa filed a motion for new trial arguing that she "was convicted of committing the act of asserting her constitutional rights." The trial court granted the motion, and the State of Texas appeals. We affirm.

## I. BACKGROUND

On the evening of March 18, 2012, Corpus Christi Police Department officers Thomas Bauer and Jay Clement were working "off-duty jobs" at Lexington Manor, an apartment complex in Corpus Christi.[1] At around 10:00 p.m., Clement observed Hinojosa and her boyfriend Philis Bledsoe "walking down the sidewalk toward her apartment." Clement knew the identities of Hinojosa and Bledsoe because he "dealt with them in the past" and because he had previously "issued a trespass warning" to Bledsoe.[2] Bauer also observed Hinojosa walking with Bledsoe at Lexington Manor and knew that Bledsoe had previously been issued a trespass warning.[3] Bauer testified that, when he instructed Bledsoe to stop, "they both took off and got inside [Hinojosa's] apartment and locked the door." The officers knocked on the door and demanded that Hinojosa open the door. Eventually, Hinojosa opened the door and told the officers that Bledsoe had left the apartment through the back window.[4] The officers later arrested Bledsoe when he tried to return through the back window of Hinojosa's apartment. They then arrested Hinojosa for hindering their apprehension of Bledsoe. *See id.*

Hinojosa was formally charged by information dated May 2, 2012. The information alleged that, on or about March 18, 2012 in Nueces County, Hinojosa

> did then and there, with the intent to hinder the arrest, prosecution,

---

[1] Both Bauer and Clement testified that they wear their police uniforms while working "off-duty jobs."

[2] The apartment complex's property manager explained that Bledsoe had been issued a trespass warning because "he was with a group of juveniles at the park and one of them had marijuana in their backpack." The evidence at trial established that the park was adjacent to the apartment premises. It is undisputed that the warning was issued to Bledsoe when he was a minor and prior to the time Hinojosa moved into the apartment complex.

[3] Both officers testified that Hinojosa had been advised that Bledsoe was issued a trespass warning and was not allowed on the premises.

[4] Hinojosa denied that the officers called out to her and Bledsoe prior to their entering the apartment, and she denied telling the officers that Bledsoe left the apartment through the back window.

2

conviction and punishment of PHILIS BLEDSOE for the offense of CRIMINAL TRESPASS provide and aid in providing PHILIS BLEDSOE with means of avoiding arrest, to-wit: LOCKING THE DOOR TO DEFENDANT'S APARTMENT ON POLICE OFFICERS PURSUING PHILIS BLEDSOE AND REFUSING TO OPEN IT UNTIL AFTER PHILIS BLEDSOE FLED THE APARTMENT[.]

An amended information was filed on May 9, 2012, making precisely the same allegations. On November 16, 2012, a second amended information was filed which alleged that, on or about March 18, 2012 in Nueces County, Hinojosa

did then and there, with the intent to hinder the arrest, prosecution, conviction and punishment of PHILIS BLEDSOE for the offense of CRIMINAL TRESPASS provide and aid in providing PHILIS BLEDSOE with means of avoiding arrest, to-wit: ALLOWING PHILIS BLEDSOE TO FLEE FROM POLICE OFFICERS INTO DEFENDANT'S APARTMENT AND REFUSING TO OPEN IT UNTIL AFTER PHILIS BLEDSOE FLED THE APARTMENT[.]

Trial took place before a jury on April 30, 2013. Following the presentation of evidence, the trial court charged the jury in relevant part as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about March 18, 2012, in Nueces County, Texas, the defendant, Sharon Hinojosa, did then and there, with the intent to hinder the arrest, prosecution, conviction or punishment of Philis Bledsoe for the offense of Criminal Trespass by closing the door to Defendant's apartment on police officers pursuing Philis Bledsoe and refusing to open it until after Philis Bledsoe fled the apartment, then you will find the defendant guilty of the offense of hindering apprehension or prosecution as charged in the information.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

The jury found her guilty.

Hinojosa then filed a "Motion for Judgment of Acquittal and in the Alternative, Motion for New Trial" in which she argued that "[t]he verdict is contrary to the law and the evidence," see TEX. R. APP. P. 21.3(h), and that she "was convicted of committing the act

3

of asserting her constitutional rights." In other words, Hinojosa contended that she had

the constitutional right to deny the officers entry into her apartment without a warrant. The

motion additionally argued in part:

> [T]his case involves merely a request for the police to "stop" allegedly because of an oral no trespass warning issued in a public park and nothing more. No attempt to arrest. No pronouncement of arrest or even an intent to do so. Even after reaching the door, the only thing said to Defendant was that the officers want to "talk" to her boyfriend. Accordingly, even if the law concerning exigent circumstances supports a warrantless entry into a third parties [sic] home, the fact is is [sic] that the police never provided anything to Defendant which would have put her on notice that they were in the process of arresting Defendant's boyfriend.

The motion concluded as follows:

> For the foregoing reasons, and for such other reasons that may arise on the hearing of this Motion, Defendant requests a new trial.
>
> WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court set aside the judgment of conviction entered in this cause and order a new trial on the merits.

After a hearing,[5] the trial court granted Hinojosa's motion. In its order granting the

motion and ordering a new trial, the trial court added handwritten citations to the Fourth

Amendment and several cases appertaining thereto.[6] *See* U.S. CONST. amend. IV; *see*

*also, e.g., Florida v. Jardines*, 133 S.Ct. 1409 (U.S. 2013); *Silverman v. United States*,

365 U.S. 505 (1961). This appeal followed. *See* TEX. CODE CRIM. PROC. ANN. art.

44.01(a)(3) (West, Westlaw through 2013 3d C.S.) (providing that the State may appeal

---

[5] At the hearing, the State did not dispute the merits of Hinojosa's constitutional challenge. Instead, it argued that Hinojosa waived the issue by failing to raise it in her motion for new trial and by failing to object to evidence adduced at trial. The State does not make those arguments on appeal.

[6] The order was entitled "Order Granting Motion for New Trial and Motion in Arrest of Judgment." The typewritten portion of the body of the order states in its entirety as follows: "On this date came on to be heard Defendant's Motion for New Trial and Motion in Arrest of Judgment. Having reviewed same and based on the opinion of the Court, it is hereby granted and that Defendant be afforded a new trial as soon as practical."

an order granting a new trial in a criminal case).

## II. DISCUSSION

By its sole issue on appeal, the State contends that the trial court erred by granting Hinojosa's motion for new trial "because the evidence was clearly sufficient to show Hinojosa committed the offense of hindering apprehension[] by allowing Bledsoe into her apartment."

### A. Standard of Review

The standard of review when a trial court grants a motion for a new trial is abuse of discretion. *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014). The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present an appropriate case for the trial court's action, but rather, whether the trial court acted without reference to any guiding rules or principles. *Id.* (quotation omitted). The mere fact that a trial court may decide a matter differently from an appellate court does not demonstrate an abuse of discretion. *Id.* at 103–04. We view the evidence in the light most favorable to the trial court's ruling, defer to the trial court's credibility determinations, and presume that all reasonable fact findings in support of the ruling have been made. *Id.* at 104. A trial court abuses its discretion if it grants a new trial for a non-legal or a legally invalid reason. *Id.* The trial court may not grant a new trial on mere sympathy, an inarticulate hunch, or simply because he or she believes the defendant received a raw deal or is innocent. *State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013).

### B. Applicable Law

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures, shall not be violated . . . ." U.S. CONST. amend. IV. Warrantless searches "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). One of those exceptions may apply when police are in "hot pursuit" of a suspect. *See Yeager v. State*, 104 S.W.3d 103, 110 (Tex. Crim. App. 2003) (citing *Steagald v. United States*, 451 U.S. 204, 218 (1981) (noting that "'hot pursuit' cases fall within the exigent-circumstances exception to the warrant requirement")); *see also Welsh v. Wisconsin*, 466 U.S. 740, 752–53 (1984) (noting that "an important factor to be considered when determining whether any exigency exists is the gravity of the underlying offense for which the arrest is being made," that most courts "have refused to permit warrantless home arrests for nonfelonious crimes," and that "it is difficult to conceive of a warrantless home arrest that would not be unreasonable under the Fourth Amendment when the underlying offense is extremely minor").

A person commits the offense of hindering apprehension or prosecution "if, with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense," the person "provides or aids in providing the other with any means of avoiding arrest or effecting escape." TEX. PENAL CODE ANN. § 38.05(a)(2).

## C.    Analysis

The State's sole argument on appeal, which it did not make at the motion for new trial hearing, is that it was an abuse of discretion to grant Hinojosa's motion for new trial because "the evidence was sufficient that she committed the offense of hindering apprehension even before officers knocked on the door."[7] The State argues, in other

---

[7] In the standard of review portion of its brief, the State cites *State v. Mercier*, 164 S.W.3d 799, 812–13 (Tex. App.—Corpus Christi 2005, pet. ref'd) for the proposition that "[w]hen the trial court grants a

words, that "[w]hether or not officers had the right to enter into [Hinojosa's] residence in pursuit of Bledsoe is irrelevant" because "[t]he crime of hindering apprehension was complete as soon as Hinojosa opened the door to her apartment." The only authority the State cites for its argument is *King v. State*, a 2002 case in which the Fourteenth Court of Appeals held that the evidence was legally sufficient to support a conviction for hindering apprehension. 76 S.W.3d 659, 662 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (rejecting appellant's arguments that the evidence was legally insufficient to show the requisite intent because (1) police never informed appellant that they were seeking to effect an arrest, and (2) a parole violation is not an "offense").

We disagree with the State. Its argument is essentially one of harmless error— i.e., *even if* Hinojosa had a constitutional right to refuse to allow the officers into her apartment, it was harmless to charge her with a crime for doing so since the State also proved, and the jury also found, that she committed the crime by non-constitutionally-suspect means. In this regard, we acknowledge that when a defendant is charged with committing an offense by two or more different means, the State need only prove one of the means, whether the various means are charged in the disjunctive or, as here, in the conjunctive. *See, e.g., Rogers v. State*, 774 S.W.2d 247, 251 (Tex. Crim. App. 1989)

---

motion for a new trial on the grounds that the verdict is contrary to the law and the evidence this amounts to a challenge to the legal sufficiency of the evidence." It then proceeds to cite case law applicable to legal sufficiency reviews. *See, e.g., Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

We disagree with the State's general proposition. When a defendant moves for a new trial solely on the basis that "the verdict is contrary to the law and evidence," that raises only a legal sufficiency challenge. *State v. Zalman*, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013) (citing *Bogan v. State*, 180 S.W. 247, 248 (1915)). But here, though Hinojosa generally alleged in her motion that the verdict is contrary to the law and evidence, she specifically argued that the verdict cannot stand because it violates her Fourth Amendment right to refuse to allow police to enter her apartment without a warrant. This case is therefore distinguishable from *Mercier*, where the trial court specifically granted a new trial on legal sufficiency grounds. 164 S.W.3d at 812.

7

(noting that "as a general rule it is not objectionable for the State to plead alternative theories of culpability conjunctively, while authorizing conviction if any one or more of such theories is sufficiently proven at trial"), *overruled on other grounds by Peek v. State*, 106 S.W.3d 72 (Tex. Crim. App. 2003). And, the State correctly points out that the live information alleged two means by which Hinojosa committed the offense—(1) by "allowing [Bledsoe] to flee from police officers into [her] apartment," and (2) by "refusing to open it until after [Bledsoe] fled the apartment"—and that only the second of those two means implicates Hinojosa's Fourth Amendment rights. According to the State, because the evidence was sufficient to support the jury's finding as to the first means, Hinojosa's constitutional issue is "irrelevant."

But the jury charge in this case did not track the live information.[8] The jury charge authorized the jury to convict if it found that Hinojosa committed the offense (1) by "closing the door to [her] apartment on police officers pursuing [Bledsoe]" and (2) by "refusing to open it until after [Bledsoe] fled the apartment." Crucially, unlike the two means alleged in the live information, *both* of the means alleged in the jury charge implicate Hinojosa's right to refuse to allow police officers into her residence without a warrant. The jury was never asked whether Hinojosa committed the offense by merely allowing Bledsoe into her apartment. It was only asked whether she committed the offense by closing the door on the officers and refusing to open the door for them, which is exactly what she claimed she

---

[8] The jury charge also omitted an essential element of the offense—it failed to allege that Hinojosa "provide[d] or aid[ed] in providing" Bledsoe with "any means of avoiding arrest or effecting escape." *See* TEX. PENAL CODE ANN. § 38.05(a)(2) (West, Westlaw through 2013 3d C.S.). Hinojosa did not complain about this defect at any point in the trial court and neither party mentions it on appeal. Because Hinojosa did not raise this issue as grounds for new trial, we may not affirm the trial court's new trial order on this basis. *See State v. Zalman*, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013) (holding that it was an abuse of discretion for the trial court to have granted a new trial, over the State's objection, on grounds not timely raised in appellee's motion for new trial).

had the constitutional right to do. The State is therefore incorrect in arguing that it is irrelevant "[w]hether or not officers had the right to enter into [Hinojosa's] residence in pursuit of Bledsoe." Instead, what is irrelevant here is whether the evidence supported a finding that Hinojosa committed the offense "before officers knocked on the door"—because the jury never made such a finding.

For the foregoing reasons, we reject the State's sole argument on appeal.[9] We further observe that the trial court referred to applicable constitutional rules and principles in making its ruling, *see Thomas*, 428 S.W.3d at 103, and manifestly did not order a new trial on the basis of sympathy or an inarticulate hunch. *See Zalman*, 400 S.W.3d at 593. Therefore, the trial court did not abuse its discretion in granting Hinojosa's motion for new trial. *See id.*

### III. CONCLUSION

The trial court's judgment is affirmed.


DORI CONTRERAS GARZA,
Justice

Concurring Memorandum Opinion
by Justice Gregory T. Perkes.

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of April, 2015.

---

[9] The State has never disputed that Hinojosa's actions in refusing to allow the officers into her apartment are constitutionally protected. It cites no case law regarding the Fourth Amendment or the hot pursuit or exigent circumstances exceptions to the warrant requirement. Instead, the State repeatedly urges in its appellate brief that "it is completely irrelevant whether the police had the right to enter Hinojosa's residence in 'hot pursuit' of Bledsoe, and whether Hinojosa had a constitutional right to refuse to answer her door." In light of the State's position, we do not address the merits of the constitutional issue raised by Hinojosa in her motion for new trial. *See* TEX. R. APP. P. 47.1.

9