**Matthew FREEMAN, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 03-16-00130-CR**

Court of Appeals of Texas,
Austin.

Filed: May 9, 2017

Discretionary Review Refused
September 27, 2017

Mr. Nathan H. Butler, Attorney at Law, 180 Stoneham, San Angelo, TX 76905, for Appellant.

Ms. Dana Bell Nolen, Dana Nolen Attorney at Law, 1226 Paseo de Vaca, San Angelo, TX 76901, Mr. John R. Messinger, Assistant State Prosecuting Attorney, P. O. Box 13046, Austin, TX 78711-3046, Ms. Meagan White, Tom Green County Courthouse Annex, 124 W. Beauregard, Suite B, San Angelo, TX 76903, for Appellee.

Before Chief Justice Rose, Justices Field and Bourland

## OPINION

Scott K. Field, Justice

We withdraw our opinion and judgment issued on March 22, 2017, and substitute the following opinion and judgment in their place. We overrule the State's motion for rehearing.

Appellant Matthew Freeman was charged by indictment with assault on a family member by impeding the normal breathing or circulation of the blood, a third-degree felony. *See* Tex. Penal Code § 22.01(b)(2)(B). The indictment also alleged a prior felony conviction, enhancing the offense to a second-degree felony. *See id.* § 12.42(a). Freeman pleaded not guilty to the charged offense but pleaded guilty to the lesser-included offense of assault on a family member with bodily injury and pleaded true to the enhancement paragraph. Following a bench trial, the trial court signed a judgment convicting Freeman and sentencing him to 15 years' imprisonment. In one appellate issue, Freeman contends that the trial court violated his constitutional rights by convicting and sentencing him without finding him guilty beyond a reasonable doubt. We agree, and we will reverse his conviction and remand the case for further proceedings.

■ "The Due Process Clause of the Fourteenth Amendment 'protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Miles v. State*, 357 S.W.3d 629, 631 (Tex. Crim. App. 2011) (quoting *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)); *see Sullivan v. Louisiana*, 508 U.S. 275, 278, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) ("This beyond-a-reasonable-doubt requirement, which was adhered to by virtually all common-law jurisdictions, applies in state as well as federal proceedings."); Tex. Penal Code § 2.01 ("All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt."). This requirement is "basic in our law and rightly one of the boasts of a free society." *In re Winship*, 397 U.S. at 362, 90 S.Ct. 1068 (quoting *Leland v. Oregon*, 343 U.S. 790, 803, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) (Frankfurther, J., dissenting)). "The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure.... The standard provides concrete substance for the presumption of innocence—that bedrock axiomatic and elementary principle whose enforcement lies at the foundation of the administration of our criminal law." *Id.* at 363, 90 S.Ct. 1068 (internal quotation marks omitted). We will presume that a trial court applied the reasonable-doubt standard unless the defendant rebuts that presumption. *See In re D.E.W.*, 654 S.W.2d 33, 36 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.) ("The trial court, sitting without a jury, is presumed to have used the correct standard of proof absent a showing to the contrary. The burden is on appellant to show that the proper standard was not applied."); *see also Ex parte Jackson*, 911 S.W.2d 230,

234 (Tex. App.—Houston [14th Dist.] 1995, no writ) (same).

■ In this case, Freeman has rebutted the presumption that the trial court applied the correct standard. Freeman points out that, at the conclusion of the guilt-or-innocence phase of the bench trial, the trial court stated:

> The Court finds by the clearer greater weight and degree of credible testimony that the Defendant is guilty of the offense of assault by impeding the breath or circulation, as alleged in Paragraph 1 of the indictment.

This statement indicates that the trial court did not apply the correct standard. Instead of finding Freeman guilty "beyond a reasonable doubt," the trial court purported to find him guilty "by the clearer greater weight and degree of credible testimony." We cannot assume in light of this express statement by the trial court that it used a different standard in finding Freeman guilty than the one that it articulated. Therefore, Freeman has met his burden of showing that the trial court applied the incorrect standard.[1]

■ In its appellate brief, the State suggests that, even if the trial court committed constitutional error by applying the incorrect standard, we should perform a harm analysis pursuant to Rule 44.2(a). *See* Tex. R. App. P. 44.2(a) (providing that court of appeals must reverse judgment of conviction for constitutional error "unless the court determines beyond a reasonable doubt that the error did not contribute to

the conviction or punishment"). However, if the trial court's failure to find Freeman guilty beyond a reasonable doubt was "structural error," we must reverse his conviction without performing a harm analysis. *See Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. 2014) ("A 'structural' error 'affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself,' and is not amenable to a harm analysis.") (quoting *Jordan v. State*, 256 S.W.3d 286, 290 (Tex. Crim. App. 2008)); *see also Arizona v. Fulminante*, 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) ("These are structural defects in the constitution of the trial mechanism, which defy analysis by 'harmless-error' standards."). "All structural errors must be founded on a violation of a federal constitutional right, but not all violations of federal constitutional rights amount to structural errors." *Schmutz*, 440 S.W.3d at 35.

■ The United States Supreme Court has held that "a constitutionally deficient reasonable-doubt [jury] instruction" is structural error. *Sullivan*, 508 U.S. at 276, 113 S.Ct. 2078. The Court explained that "[d]enial of the right to a jury verdict of guilt beyond a reasonable doubt" is an error not subject to a harm analysis because it violates a "basic protectio[n] whose precise effects are unmeasurable, but without which a criminal trial cannot reliably serve its function." *Id.* at 281, 113 S.Ct. 2078 (internal quotation marks omitted; brackets in original). We conclude that

---

1. In its appellate brief, the State argues that a later statement of the trial court shows that the court actually applied the correct reasonable-doubt standard. At the conclusion of the punishment phase of the bench trial, the court stated, "Matthew Freeman, the Court having found you guilty of the offense of 3rd Degree Felony assault on a person with whom you had a dating relationship, as alleged in the indictment, by impeding the breath or circu-

lation, the Court does also find beyond a reasonable doubt that Paragraph 2 [the enhancement paragraph] is true." We conclude that this later statement does not indicate that the court found Freeman guilty beyond a reasonable doubt. Instead, it merely indicates that, in addition to finding Freeman guilty, it also found beyond a reasonable doubt that the enhancement paragraph was true.

a similar structural error occurs when a trial judge fails to find a defendant guilty beyond a reasonable doubt in a bench trial. Requiring a harmless-error analysis under these circumstances would result in a situation in which, as Justice Scalia wrote for the Court in *Sullivan*, a "reviewing court can only engage in pure speculation—its view of what a reasonable jury would have done. And when it does that, the wrong entity judge[s] the defendant guilty." *Id.* (internal quotation marks omitted; brackets in original).

By applying the incorrect standard, the trial court denied Freeman his right to a conviction based on proof beyond a reasonable doubt. Therefore, we must reverse Freeman's conviction without performing a harm analysis and remand to the trial court.[2] *See id.* at 282, 113 S.Ct. 2078 (concluding that structural error had occurred, declining to perform harm analysis, and stating that "the case is remanded for proceedings not inconsistent with this opinion"); *Steadman v. State*, 360 S.W.3d 499, 510 n.41 (Tex. Crim. App. 2012) (citing cases where courts found structural error and remanded for new trial).

Accordingly, we sustain Freeman's sole appellate issue.

## CONCLUSION

We reverse the trial court's judgment of conviction and remand for further proceedings consistent with this opinion.

---

[2.] While neither party addressed error preservation in its appellate briefing, the State has argued in a motion for rehearing that Freeman failed to preserve his issue. *See Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016). Although Freeman did not object to the trial court's application of the incorrect burden of proof, we conclude that proof beyond reasonable doubt in a bench trial is a "systemic requirement" or "fundamental error." *See Fears v. State*, 479 S.W.3d 315, 339 (Tex. App.—Corpus Christi 2015, pet. ref'd) ("[B]y arguing the State shifted the burden of proof, appellant's argument could be interpreted as going to the absolute, systemic requirement that a person may only be found guilty of an offense if a rational trier of fact finds sufficient evidence to prove all of the elements of the offense beyond a reasonable doubt."); *Huff v. State*, No. 07-10-00174-CR, 2010 WL 4828491, at *3 (Tex. App.—Amarillo Nov. 29, 2010, no pet.) (mem. op., not designated for publication) ("[I]t could be said that appellant's contentions go to the absolute systemic requirement that a defendant be convicted only on proof beyond a reasonable doubt."); *Perez v. State*, No. 2-07-374-CR, 2009 WL 161029, at *6 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (mem. op., not designated for publication) ("Constitutional error that is 'structural' and therefore not subject to a harm analysis also seems to fall into this category [of errors that require no preservation]. The very limited class of structural, constitutional errors includes ... an instruction that erroneously lowers the burden of proof for conviction below the 'beyond a reasonable doubt' standard.") (citation omitted). Therefore, we have considered Freeman's complaint despite the fact that his trial counsel did not object to the trial court's erroneous statement of the burden of proof.