# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00050-CR

**The State of Texas, Appellant**

**v.**

**Matthew Freeman, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT
NO. D-15-0520-SA, THE HONORABLE MARTIN (BROCK) JONES, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

After this Court reversed Matthew Freeman's judgment of conviction for family violence assault by impeding the normal breathing or circulation of the blood and remanded the case for further proceedings, *see Freeman v. State*, 525 S.W.3d 755 (Tex. App.—Austin 2017, pet. ref'd), Freeman filed a pretrial application for writ of habeas corpus asserting that the double-jeopardy clauses of the United States Constitution and the Texas Constitution barred retrial. The trial court granted habeas relief, ordered Freeman acquitted, and ordered his immediate release from custody. The State appeals the trial court's order granting habeas relief. For the reasons set out below, we reverse the trial court's order.

## BACKGROUND

Freeman was charged by indictment with family violence assault by impeding the normal breathing or circulation of the blood, a third degree felony. *See* Tex. Penal Code

§ 22.01(a)(1), (b)(2)(B). The indictment also contained an enhancement paragraph alleging a prior felony conviction for felony DWI, which enhanced the punishment range to that of a second degree. *See id.* § 12.42(a). Freeman waived a jury and proceeded with a trial before the court. He pled guilty to the lesser-included offense of family violence assault causing bodily injury, a Class A misdemeanor, *see id.* § 22.01(a), and pled true to the allegation in the enhancement paragraph. At the conclusion of the bench trial, the trial court found Freeman guilty of the greater offense of family violence assault by impeding the normal breathing or circulation of the blood as alleged in the indictment and assessed his punishment at 15 years' imprisonment.

Freeman appealed his conviction to this Court. In a single point of error, he asserted that the trial court violated his constitutional rights by finding him guilty by the clearer weight and degree of credible testimony rather than by beyond a reasonable doubt.[1] This Court concluded that Freeman "met his burden of showing that the trial court applied the incorrect standard" regarding the State's burden of proof and further concluded that the error of applying the incorrect standard was structural error not subject to a harm analysis. *Freeman*, 525 S.W.3d at 758–59. We reversed the trial court's judgment of conviction and "remanded for further proceedings consistent with [the Court's] opinion." *Id.* at 759.

After remand, Freeman filed a pretrial application for writ of habeas corpus, asserting that he was entitled to a judgment of acquittal because he "ha[d] been tried by the court and the court

---

[1] In finding appellant guilty of the charged offense, the trial judge said,

The Court finds by the clearer greater weight and degree of credible testimony that the Defendant is guilty of the offense of assault by impeding the breath or circulation, as alleged in Paragraph 1 of the indictment.

failed to find [him] guilty beyond a reasonable doubt."[2]  Freeman maintained that because his trial ended without the judge finding him guilty beyond a reasonable doubt, he had been "functionally acquitted" of the offense.  He argued, therefore, that, given his prior acquittal, double-jeopardy protections barred retrial.

The trial court conducted a hearing on the application at which a copy of this Court's opinion and mandate were admitted.  Freeman argued that this Court's opinion, "while [it] didn't directly say it's an acquittal," recognized that the trial court failed to make a finding of guilt beyond a reasonable doubt.  He further argued, as he did in his habeas application, that this failure constituted a "functional acquittal."  At the conclusion of the hearing, the trial court orally granted Freeman's application for writ of habeas corpus and, "[i]n accordance with the opinion of the Court of Appeals and the mandate issued by that Court directing this Court to enter a judgment consistent with its opinion," "enter[ed] a judgment of acquittal."[3]  The trial court's subsequent written order "grant[ed] the relief requested" and ordered that "the defendant is hereby acquitted of the Offense alleged in the indictment."

---

[2]  Freeman filed his first habeas application after the Court of Criminal Appeals refused the State's petition for discretionary review of this Court's opinion but before this Court's mandate issued on November 7, 2017.  The trial court conducted a hearing on the application, after which the court denied the application and reinstated Freeman's bond.  After the issuance of the mandate from this Court, Freeman filed a subsequent habeas application on January 4, 2018.  Also on January 4, 2018, several hours later, Freeman filed yet another application, which added a special plea of double jeopardy pursuant to article 27.05 of the Code of Criminal Procedure.  The trial court's order granting this last application is the subject of this appeal.

[3]  We note that, in our opinion, this Court did not direct the trial court to "enter a judgment" consistent with our opinion.  Rather, we remanded the case "for further proceedings" consistent with our opinion.

3

The State appeals the trial court's order, *see* Tex. Code Crim. Proc. art. 44.01(a)(1) (providing that State may appeal from order dismissing indictment), (a)(4) (providing that State may appeal from order sustaining claim of former jeopardy), arguing that the trial court's grant of habeas relief and entry of a judgment of acquittal was an abuse of discretion.

## STANDARD OF REVIEW

In reviewing a trial court's decision on a pretrial application for writ of habeas corpus, we review the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). An abuse of discretion does not occur unless the trial court acts "arbitrarily or unreasonably" or "without reference to any guiding rules and principles," *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)), or unless the trial court's decision "falls outside the zone of reasonable disagreement," *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). In our review, we defer to the trial court's implied factual findings that are supported by the record. *See Wheeler*, 203 S.W.3d at 325–26.

## DISCUSSION

The issue before the trial court at the habeas hearing was whether Freeman had been acquitted by the trial judge and, thus, retrial for the charged offense is barred by double jeopardy.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, *Benton v. Maryland*, 395 U.S. 784,

4

787 (1969), protects a defendant against being placed twice in jeopardy for the same offense. U.S. Const. amend. V, cl. 2 ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"). The clause embodies three separate guarantees—protection against prosecution for the same offense following an acquittal, protection against prosecution for the same offense following a conviction, and protection against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Brown v. Ohio*, 432 U.S. 161, 164–65 (1977); *Ex parte Marascio*, 471 S.W.3d 832, 847 (Tex. Crim. App. 2015); *Ex Parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013). The Texas Constitution provides substantially identical protections. *See* Tex. Const. art. I, § 14 ("No person, for the same offense, shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."); *see also State v. Blackshere*, 344 S.W.3d 400, 406 n.8 (Tex. Crim. App. 2011); *Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997). The double-jeopardy claim that Freeman asserted in his habeas application invokes the prohibition against a second trial after being acquitted.

"One of the most fundamental rules of double-jeopardy jurisprudence is that when a trial ends in an acquittal, the defendant may not be tried again for the same offense." *Blackshere*, 344 S.W.3d at 406. "For purposes of double jeopardy, an acquittal occurs in the trial court only when the ruling of the trial court, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged." *Benavidez v. State*, 323 S.W.3d 179, 181 (Tex. Crim. App. 2010); *accord State v. Moreno*, 294 S.W.3d 594, 598 (Tex. Crim. App. 2009); *State v. Stanley*, 201 S.W.3d 754, 760 (Tex. Crim.

5

App. 2006). The Court of Criminal Appeals has observed that while no statutory provision explicitly defines the word "acquittal," "the context in which it appears throughout the Code of Criminal Procedure creates a powerful inference that it means a finding of fact that the accused is not guilty of the criminal offense with which he is charged." *Ex parte George*, 913 S.W.2d 523, 527 (Tex. Crim. App. 1995); *see Evans v. Michigan*, 568 U.S. 313, 318–19 (2013) ("[O]ur cases have defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense.").

The trial judge's verdict in this case does not satisfy the above consistently used definition of acquittal. First, the trial judge's verdict represented a resolution of the factual elements of the charged offense *against* Freeman, not in his favor. Further, the judge's recitations did not reflect a fact finding that Freeman was not guilty. The trial judge plainly stated that he found Freeman guilty of the charged offense. At no point did the judge suggest that Freeman had been found not guilty or that the evidence did not support a guilty verdict. The trial judge's verdict was not an acquittal.

Further, contrary to Freeman's claim, the judge's failure to find Freeman guilty beyond a reasonable doubt was not a "functional acquittal." The term "functional acquittal" has been used by the Court of Criminal Appeals to characterize a trial court's ruling setting aside a determination of guilt based on the court's subsequent finding of insufficient evidence. *See, e.g.*, *State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996) (concluding that "a trial court's JNOV ruling after a jury determination of criminal guilt accomplishes exactly the same effect as granting the defendant a new trial for insufficient evidence—a functional acquittal"). This characterization

6

suggests that a "functional acquittal" would have happened here if the trial judge had revisited his guilty verdict at some later point, determined that the evidence was insufficient to prove Freeman's guilt beyond a reasonable doubt, and made a finding based on that determination. Or, perhaps, if the trial judge's recitation had indicated that he found that the evidence did not prove one or more of the elements of the charged offense beyond a reasonable doubt. However, the trial judge here made *no* finding with respect to whether Freeman was guilty beyond a reasonable doubt because he applied the wrong standard.

In support of his claim, Freeman cites to this Court's opinion reversing his conviction. Our opinion, however, addressed the process by which the trial judge arrived at his verdict.[4] We do not agree with Freeman's suggestion that error in that process constitutes a functional acquittal. Moreover, Freeman misconstrues our opinion. In our opinion, we concluded that "[b]y applying the incorrect standard, the trial court denied Freeman his right to be convicted based on proof beyond a reasonable doubt." *Freeman*, 525 S.W.3d at 759. Freeman appears to interpret that conclusion as indicating that we concluded that the trial court convicted Freeman on less than proof beyond a reasonable doubt and, therefore, functionally acquitted him. That is not what we said; that is not what we meant. We concluded that, due to error in the process of arriving at the verdict (the application of an incorrect standard of proof), Freeman was denied the right to be convicted based on proof beyond a reasonable doubt. The remedy for the denial of that right, then, is to provide a

---

[4] At no point in the appeal of his conviction did Freeman argue, contend, or suggest that the trial judge's verdict was a "functional acquittal." His sole complaint was about the erroneous standard applied by the trial judge—that is, the error in the process that the judge employed to arrive at his verdict.

7

new trial in which the verdict is not the result of an erred process—that is, a trial in which the correct standard of proof is applied when determining the verdict.[5]  For that reason, we remanded the case for further proceedings.

In this case, there is little doubt from the record that the trial judge did not intend to acquit Freeman.  The trial judge terminated the prosecution based on his finding that Freeman was guilty of the charged offense; he did not terminate the prosecution based on a finding that Freeman was not guilty or on a finding that the State's evidence was lacking or insufficient to convict Freeman.[6]  Nothing in the trial judge's recitation implied that he had made a finding that Freeman was not guilty of committing the charged offense or that the evidence was insufficient.  Rather, the recitation reflects that the judge applied the wrong standard in making the finding of guilt that he did.

Because Freeman was not acquitted or "functionally acquitted," the double-jeopardy protection against a second trial after an acquittal does not bar Freeman's retrial for the charged offense.  *See Lockhart v. Nelson*, 488 U.S. 33, 38 (1988) ("It has long been settled, however, that the

---

[5]  We note that error in the jury charge—even relating to the burden of proof—results in reversal of the judgment of conviction and remand for a new trial, not an acquittal.  *See Sullivan v. Louisiana*, 508 U.S. 275, 281–82 (1993) (concluding that jury-charge error that misdefined State's burden of proof as being less than beyond reasonable doubt constitutes structural error and remanding case for further proceedings); *Reyes v. State*, 938 S.W.2d 718, 721 (Tex. Crim. App. 1996), *overruled by Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000) (concluding that total omission of reasonable-doubt instruction then required by *Geesa* was error that was not subject to harmless error, reversing judgment of conviction, and remanding for new trial).

[6]  We observe that Freeman filed a motion for new trial, asserting that "[t]he verdict in this cause is contrary to the law and the evidence," and the trial court denied the motion.  An allegation that a verdict is against the law and the evidence raises an evidentiary sufficiency challenge.  *State v. Zalman*, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013) (citing *Bogan v. State*, 180 S.W. 247, 248 (Tex. Crim. App. 1915)).  Thus, in denying the motion, the trial court rejected the contention that the evidence was insufficient to support Freeman's conviction.

8

Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction."); *accord Ex parte Davis*, 957 S.W.2d 9, 12 (Tex. Crim. App. 1997) (observing that, generally, double jeopardy does not bar retrial after reversal but noting exception when conviction reversed for legally insufficient evidence). Consequently, we hold that the trial court abused its discretion in concluding otherwise.

## CONCLUSION

Because Freeman's trial did not end with an acquittal and the trial judge's verdict was not a "functional acquittal," retrial for the charged offense following this Court's reversal of Freeman's conviction does not violate double jeopardy. Thus, the trial court abused its discretion in granting Freeman's application for writ of habeas corpus and entering a judgment of acquittal. We reverse the trial court's order granting habeas relief and ordering Freeman acquitted.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Reversed

Filed: November 14, 2018

Do Not Publish