**AFFIRMED; Opinion Filed April 17, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00094-CR
### No. 05-18-00095-CR
### No. 05-18-00096-CR

**MATTHEW BARRETT O'SHEA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F15-51850, F15-75167, F15-75168**

# MEMORANDUM OPINION
Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

Matthew Barrett O'Shea was convicted after pleading no contest to three charges of aggravated sexual assault of a child under fourteen years of age. On appeal, O'Shea contends: (1) the evidence was legally insufficient to support his convictions; (2) the trial court impermissibly considered his failure to testify; and (3) the trial court shifted the burden of proof onto him. We affirm. Because the issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. Background

O'Shea was indicted on three charges[1] of aggravated sexual assault of a child under the age of six. Each indictment charged a different manner in which O'Shea allegedly assaulted the child— orally, anally, and vaginally. After the state agreed to replace the indictments' references to the child being under the age of six with references instead to the child being under the age of fourteen, O'Shea waived his right to a jury trial and pleaded no contest to each charge. After the trial court accepted O'Shea's no-contest pleas, the trial court stated: "There is no admission of guilt. The State ha[s] full burden of proof beyond a reasonable doubt."[2]

At the bench trial, the State presented testimony from the child victim. She described the manner of the alleged assaults and identified O'Shea as the sole perpetrator. In addition, the State provided testimony from the elementary-school counselor the child told about the alleged assaults, and the person who conducted the forensic interview shortly after the child was taken into protective custody. In that interview, the child provided graphic details (and in some instances demonstrations) of the manner in which O'Shea assaulted her consistent with each indictment. As in her trial testimony, the child said only O'Shea assaulted her. The interviewer testified that, in her professional opinion, the child's interview was consistent with a child who experienced sexual abuse. The child's mother testified that, since making the allegations, the child has consistently identified O'Shea as the person who assaulted her.

In addition to testimony, the State introduced photographic evidence of the child's demonstrations during her forensic interview and records from a medical examination conducted shortly after she was taken into protective custody. Though the medical records were inconclusive

---

[1] Trial-court cause Nos. F15-51850, F15-75167, and F15-75168 correspond with each of the separate indictments.

[2] O'Shea would not have been eligible for probation if he had pleaded not guilty. *See* TEX. CODE CRIM. PRO. ANN. arts. 42A.054, .101.

as to whether the child was assaulted, they indicated a condition that could be consistent with sexual assault.

Defense expert Dr. William Lee Carter testified based on the child's medical records, and said her mental health issues could have been caused by the sexual assaults or by the collateral consequences of her allegations against O'Shea. He noted her underlying issues may undermine her allegations, but could not be sure. Dr. Carter discussed a recantation the child made and noted other intra-family issues. He criticized the forensic interviewer for improperly suggesting a sensory detail one time but conceded that but for the one instance, the interview was appropriate and that the child knew things a normal child her age would not.

The trial court found O'Shea guilty, specifically crediting the child's graphic demonstrations from her forensic interview. At the sentencing hearing seven weeks later, O'Shea presented witnesses in support of his request for probation. O'Shea's sister testified that although she believed M.O. was abused, she was "ninety-nine percent sure" O'Shea was not responsible. She explained that "some of the comments that came out [at trial had] triggered certain instances that ha[d] occurred in [her own] life to know that [the child in this case] was abused, but it wasn't by [O'Shea]." On cross examination, she was asked whether she had an opinion about who assaulted the child. She responded that she had no factual proof and could only speculate based on her own personal experiences. When asked whether she intended to "reveal who the real culprit is," she stated: "No, that's – This isn't the right venue."

After hearing testimony and argument from both sides, the trial court addressed O'Shea:

> I know you've got some very loyal family and friends. . . . Your sister believes that [the child] was abused, but she doesn't believe it was you.

> I believe [the child] was abused and I don't want to believe it was you, but I don't have any evidence to the contrary. The evidence, to me, proved otherwise.

The judge sentenced O'Shea to 35 years' imprisonment in each case, to run concurrently.

## II. Discussion

### A. Sufficiency of the evidence

Before resolving O'Shea's challenge to the legal sufficiency of the evidence supporting his convictions, we must first determine the appropriate standard of review. O'Shea contends we must apply the standard articulated by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (requiring an evaluation of "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). But the *Jackson* standard applies only when the Constitution requires the State to prove a defendant's guilt beyond a reasonable doubt. *See Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986); *Talley v. State*, Nos. 05-08-00238-CR, 05-08-00239-CR, 2008 WL 5177377, at *2 (Tex. App.—Dallas Dec. 11, 2008, pet. ref'd) (not designated for publication). It does not apply in cases where the defendant knowingly, intelligently, and voluntarily enters a plea of guilty or no contest, because the Constitution does not require the State to prove guilt beyond a reasonable doubt under those circumstances. *Ex parte Williams*, 703 S.W.2d at 682; *Talley*, 2008 WL 5177377, at *2.

Though he does not dispute that he made his no-contest plea knowingly, intelligently, and voluntarily, O'Shea contends we should apply *Jackson* because the State acquiesced to proving his guilt beyond a reasonable doubt at trial, because he fervently contested his guilt, and because he did not judicially confess. We reject these arguments. *See Stone v. State*, 919 S.W.2d 424, 426–27 (Tex. Crim. App. 1996) (no requirement for a defendant pleading no contest to judicially confess or stipulate to state witness testimony); *Torres v. State*, 05-11-01310-CR, 2013 WL 3487396, at *3 (Tex. App.—Dallas July 10, 2013, no pet.) (mem. op., not designated for publication) (*Jackson* standard does not apply where a voluntary no-contest plea is entered); *Talley*, 2008 WL 5177377, at *2 (the no-contest plea, not the fervor of appellant's contest,

–4–

determines appellate standard of review). Because O'Shea does not challenge the validity of his no-contest plea, we review the evidence to determine whether it "embraced every essential element of the offense charged." *Stone*, 919 S.W.2d at 427; TEX. CODE CRIM. PROC. art. 1.15.

To prove O'Shea committed aggravated sexual assault of a child under each indictment, the State had to present evidence that the child was under fourteen years of age, and that O'Shea intentionally and knowingly: (1) penetrated the child's mouth with his sexual organ; (2) penetrated the child's sexual organ with his sexual organ; and (3) penetrated the child's anus with his sexual organ. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B). The testimony at trial embraced each essential element of the charged offenses, and was sufficient to sustain O'Shea's convictions.[3] *See Stone*, 919 S.W.2d at 427; *Talley*, 2008 WL 5177377, at *2.[4]

### B. Burden shifting and failure to testify

O'Shea's remaining two issues rely on a misreading of the trial court's statements at the sentencing hearing. In support of O'Shea's request for probation, his sister testified she believed the child was assaulted, but was "ninety-nine percent sure" O'Shea was not responsible. She refused to say who she thought was responsible for the assaults.

It was in response to O'Shea's sister's alternative-perpetrator speculation at the sentencing hearing that the trial court said: "Your sister believes that [the child] was abused, but she doesn't believe it was you. I believe [the child] was abused and I don't want to believe it was you, but I don't have any evidence to the contrary. The evidence, to me, proved otherwise." According to O'Shea, by commenting on the lack of evidence suggesting someone else was responsible for

---

[3] O'Shea does not dispute that the evidence embraced every essential element of the charged offenses. His sufficiency challenge rests solely on his assertion that the evidence was insufficient to sustain his convictions beyond a reasonable doubt.

[4] O'Shea's sufficiency challenge would fail even under the *Jackson* standard, because it is based solely on a challenge to the child's credibility. Credibility is an issue for the factfinder, and we defer to the factfinder's resolution of conflicting testimony unless the verdict is completely irrational. *See Gonzales v. State*, No. 05-17-01463-CR, 2019 WL 1292502, at *5 (Tex. App.—Dallas Mar. 21, 2019, no pet. h.) (mem. op., not designated for publication) ("The crux of appellant's sufficiency complaint is that JL was not credible because she recanted several times. But this is not a case where the evidence is totally irrational—such as finding that the moon is made of blue cheese."); *Owens v. State*, 381 S.W.3d 696, 709 (Tex. App.—Texarkana 2012, no pet.) (rejecting a sufficiency challenge based on the credibility of a child witness who at one point recanted allegations). O'Shea's convictions are not completely irrational in light of the evidence.

assaulting the child, the trial court both considered O'Shea's refusal to testify and shifted the burden of proof onto him. We disagree.

We presume trial courts sitting without juries follow the law. *See Freeman v. State*, 525 S.W.3d 755, 757–58 (Tex. App.—Austin 2017, pet. ref'd). The complaining appellant must show the court failed to follow the law. *Id.* As an initial matter, the court made this statement to the courtroom at the sentencing hearing, seven weeks after it found the evidence supported finding him guilty on all charges—not before a jury in the box and not after a not-guilty plea imposing the systemic requirement of beyond-a-reasonable-doubt proof.[5] This context alone significantly undercuts O'Shea's argument. O'Shea's claim is that the trial court's statement indicated it had, at some point, shifted the burden to him by commenting on his failure to present certain evidence.

While the court's statement that it lacked evidence to the contrary refers to the idea that none was presented, the court immediately followed it up naturally, reminding all present that "the evidence, to me, proved otherwise," in other words, reaffirming that it found O'Shea guilty based on the evidence presented.

Comments on a criminal defendant's failure to testify or present evidence arise most frequently when made by prosecutors to juries. In evaluating whether the trial court impermissibly did so here, we refer to similar standards. *See Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011) (requiring a clear and necessary implication that a comment referred to the defendant's failure to testify to be error). Considering that the judge's statement here came in addressing O'Shea's sister's speculation at the sentencing hearing seven weeks after trial, and that this was a bench trial with judge sentencing, we cannot construe the language as anything more than an implied or indirect allusion to the failure to testify. *See id.* It did nothing to undercut the sufficient evidence supporting a conclusion that only O'Shea perpetrated these offenses. It did nothing to

---

[5] *Cf. In re Winship*, 397 U.S. 358, 362-64 (1970); *Fears v. State*, 479 S.W.3d 315, 339 (Tex. App.—Corpus Christi 2015, pet. ref'd).

shift the burden to O'Shea, most especially because the court had found him guilty seven weeks before.[6]

The trial court did not impermissibly comment on O'Shea's right to remain silent, and its comment did not reflect a shifted burden of proof.

### III. Conclusion

We affirm.

/Cory L. Carlyle/

CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180094F.U05

---

[6] We note also that O'Shea's burden-shifting contention relies on a flawed premise—that the law required the State to prove his guilt beyond a reasonable doubt.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW BARRETT O'SHEA,
Appellant

No. 05-18-00094-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F15-51850.
Opinion delivered by Justice Carlyle.
Justices Bridges and Partida-Kipness
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 17th day of April, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW BARRETT O'SHEA,
Appellant

No. 05-18-00095-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F15-75167.
Opinion delivered by Justice Carlyle.
Justices Bridges and Partida-Kipness
participating.

    Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 17th day of April, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW BARRETT O'SHEA,
Appellant

No. 05-18-00096-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F15-75168.
Opinion delivered by Justice Carlyle.
Justices Bridges and Partida-Kipness
participating.

     Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 17th day of April, 2019.